KM

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Eduardo Bueno,<br><br>    Petitioner,<br><br>v.<br><br>M. Gutierrez,<br><br>    Respondent. | No.  CV 23-00017-TUC-RCC (DTF)<br><br>**ORDER** |

On January 9, 2023, Petitioner Eduardo Bueno, who is confined in the United States Penitentiary-Tucson, filed a pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. 1).  On February 27, 2023, Petitioner paid the filing fee.  The Court will dismiss the Petition and this action.

**I.  Petition**

In his Petition, Petitioner names M. Gutierrez as Respondent.  Petitioner raises two grounds for relief in which he claims he is actually innocent of the "mandatory sentencing predicate and adverse 4th Circuit authority that prevented him from pressing his claim." In Ground One, Petitioner claims that his prior state convictions used to enhance his sentence "cannot categorically match the elements of mandatory sentencing predicate under U.S.C. § 2252(b)(1)."  In Ground Two, Petitioner alleges "adverse 4th Circuit authority deprived petitioner from pressing his claim of actual innocence of predicate application" because the Fourth Circuit denied Petitioner's application to file a second or successive motion under 28 U.S.C. § 2255.

## II. Discussion

Under 28 U.S.C. § 2244(a),

> No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255.

Petitioner filed a § 2255 motion in the sentencing court. The sentencing court denied the § 2255 motion, determining *Johnson v. United States*, 576 U.S. 591 (2015), and *Mathis v. United States*, 579 U.S. 500 (2016), were inapposite because Petitioner was not sentenced under the Armed Career Criminal Act. *See* Doc. 48 at 30 in *United States v. Bueno*, 2:16cr00008 (E.D. Va. 2017). The sentencing court further concluded the sentencing enhancement under United States Sentencing Guidelines § 2G2.2(b)(5) was appropriately applied in Petitioner's case because § 2G2.2(b)(5) requires a showing that a defendant engaged in a pattern of activity involving the sexual abuse or exploitation of a minor, it does not require a sex offense conviction that could also have supported—or categorically matches—a federal conviction. *Id.*

Subsequently, Petitioner filed a § 2241 petition in this Court, *Bueno v. Howard*, CV 21-00280-TUC-RCC (DTF), asserting that under *Mathis*, he is "actually innocent of § 2252(b)(1)'s prior" because his prior state convictions do not categorically match the federal offense. The Court concluded Petitioner had not shown § 2255 was inadequate or ineffective to test the legality of his detention because had Petitioner raised his sentencing enhancement claims in his § 2255 motion and the sentencing court denied his claims on the merits. The Court therefore dismissed the § 2241 petition in CV 21-00280 for lack of jurisdiction.

Petitioner's claims in his current § 2241 Petition are essentially the same as his claims in his § 2255 motion and prior § 2241 petition. His Petition in this case therefore constitutes an abuse of the writ under § 2244(a) and will be dismissed.

**IT IS ORDERED:**

(1) Petitioner's Petition Under 28 U.S.C. § 2241 (Doc. 1) and this case are **dismissed with prejudice**.

(2) The Clerk of Court must **enter judgment accordingly and close this case**.

(3) Although Petitioner has brought his claims in a § 2241 petition, a certificate of appealability is required where a § 2241 petition attacks the petitioner's conviction or sentence. *See Porter v. Adams*, 244 F.3d 1006, 1007 (9th. Cir. 2001). Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, in the event Petitioner files an appeal, the Court declines to issue a certificate of appealability because reasonable jurists would not find the Court's procedural ruling debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Dated this 10th day of April, 2023.

_____
Honorable Raner C. Collins
Senior United States District Judge